UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KEVIN LAMONT SIMMONS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Cause No. 3:18-CV-031-JD-MGG |
| WARDEN, | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Kevin Lamont Simmons, a prisoner without a lawyer, filed a habeas corpus petition to challenge his sentence for burglary under cause number 71D02-1601-F5-1. Following a guilty plea, on June 29, 2016, the St. Joseph County Superior Court sentenced Simmons to five years of incarceration. *See State v. Simmons*, 71D02-1601-F5-1, available at http://public.courts.in.gov/. Simmons seeks a six-month reduction of his sentence based on his completion of the Therapeutic Community program offered by the Department of Correction.

Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts . . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Id.* at 1025-26 (internal citations and quotation marks omitted). Until exhaustion has occurred, federal habeas relief is not available. *See id.*

Simmons indicates that he has not filed a petition for post-conviction relief with the St. Joseph County Superior Court or raised his claim before the Court of Appeals of Indiana or the Indiana Supreme Court. ECF 1. Therefore, he has not yet exhausted his State court remedies. Until he does so, he cannot obtain federal habeas relief. 28 U.S.C. § 2254(b)(1)(A). Accordingly, the petition will be dismissed without prejudice to his right to file a new petition after exhausting his available state court remedies.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Here, Simmons' one-year limitations period for federal habeas review began to accrue when he discovered the factual predicate for his claim by completing the therapy program on June 27, 2017. *See* 28 U.S.C. § 2244(d)(1)(D). Additionally, filing a motion for post-conviction relief in the State courts tolls the one-year limitations period. *Id.* § 2244(d)(2). Therefore, dismissing this petition will not effectively end his chance at habeas corpus review because he will have ample time to return to this court after he exhausts his claim in State court. In sum, a stay is not appropriate for this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness

of this procedural ruling. Therefore, there is no basis for encouraging him to proceed further in federal court until he has exhausted his claims in State court.

Finally, Simmons has filed a motion for leave to proceed *in forma pauperis* with his trust account ledgers. ECF 3. Because Simmons has demonstrated that he cannot afford to pay the filing fee, this motion is granted.

For these reasons, the court:

(1) **DISMISSES** the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claim is unexhausted;

(2) **DENIES** Kevin Lamont Simmons a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11;

(3) **GRANTS** Kevin Lamont's motion for leave to proceed *in forma pauperis* (ECF 3) and **WAIVES** the filing fee.

SO ORDERED.

ENTERED: January 22, 2018

/s/ JON E. DEGUILIO
Judge
United States District Court